UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

NATASHA LEGROS,

    Plaintiff,

vs.                      CASE NO.:

AMERICAN HEALTH REFORM
SOLUTIONS, LLC, D/B/A
FLORIDA PLAN ADVISORS, a
Florida Limited Liability
Company,
       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff NATASHA LEGROS (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against AMERICAN HEALTH REFORM SOLUTIONS, LLC, D/B/A FLORIDA PLAN ADVISORS (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

This is a claim by Plaintiff against her former employer for damages and all available relief based on religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 (Title VII), the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"), and interference and retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"). As a result, Plaintiff seeks to recover

front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs, and any other relief to which Plaintiff is entitled including, but not limited to, equitable relief.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331.

2. Plaintiff's claims arise under the laws of the United States. Thus, venue is proper pursuant to 28 U.S.C. § 1391.

3. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5. Defendant employed Plaintiff as an Administrative Staff member from approximately July 2020 through August 2021.

6. Plaintiff performed work for the Defendant at its Oakland Park, Florida, location.

7. Defendant is a Florida Limited Liability Company, which owns, controls, and operates a business that provides healthcare and health solutions in the state of Florida, including the location where Plaintiff was employed.

2

8.  At all times materially relevant, Defendant engaged in an industry affecting commerce.

9.  At all times relevant, Defendant engaged in commerce within the meaning of 29 U.S.C. § 2601(1).

10. Plaintiff was an "employee" as defined by the FMLA.

11. Defendant is an "employer" as defined by the FMLA.

12. Plaintiff was an "employee" as defined by the FCRA.

13. Defendant is an "employer" as defined by the FCRA.

## STATUTORY PREREQUISITES

14. Plaintiff is a practicing Seventh-day Adventist who experienced discrimination based on her religion.

15. As such, Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

16. Plaintiff was qualified for her position as an Administrative Staff member.

17. Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19. Plaintiff timely filed her Charge of Discrimination with the EEOC on or around December 17, 2021.

20. The EEOC issued a Dismissal and Notice of Rights on November 9, 2022.

21. Accordingly, Plaintiff has exhausted all administrative requirements set forth by Title VII and the FCRA.

22. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTS

23. Defendant initially hired Plaintiff as a Junior Insurance Sales Representative in or around July 2020.

24. Plaintiff later transitioned to an Administrative Staff position within the Human Resources Department in December 2020.

25. Plaintiff is a practicing Seventh-day Adventist.

26. The Seventh-day Adventist Church is an Adventist Protestant Christian denomination which is distinguished by its observance of Saturday, the seventh day of the week, as the Sabbath.

27. Before accepting the position, Plaintiff informed the hiring manager, Oscar Carranza, of her religious affiliation with the Seventh-day Adventist.

28. During Plaintiff's interview, she explicitly explained and conditioned her acceptance of the role on Defendant's approval of Plaintiff's inability to work on Saturdays in observance of the Sabbath.

29. Plaintiff also informed the Human Resources Manager, Carmel Sanchez, of her observance of the Sabbath and Saturday restriction.

30. Defendant assured Plaintiff she would not be scheduled to work on Saturdays in observance of the Sabbath.

31. In or around October 2020, Defendant began scheduling Plaintiff to work on Saturdays.

32. After Plaintiff noticed a habitual trend, she complained to Defendant regarding her faith and reminded Defendant of her religious restrictions.

33. Shortly thereafter, Defendant began retaliating against Plaintiff.

34. Specifically, Plaintiff noticed that her scheduled hours began to decrease from week to week, causing her to have her pay reduced.

35. Plaintiff also experienced unfavorable treatment from her Production Manager and Operations Manager.

36. Despite Plaintiff's complaints, Defendant continued to schedule Plaintiff to work on her Sabbath.

37. In July 2021, Plaintiff was involved in a motor vehicle accident that caused serious health issues.

38. Plaintiff alerted Defendant of the accident and her resulting serious health conditions.

39. Thereafter, communications and interactions between Plaintiff and Defendant became increasingly hostile, toxic, and discourteous.

40. For instance, Defendant took issue with and harassed Plaintiff regarding the use of her PTO for medically-related reasons.

41. Additionally, Defendant attempted to withhold Plaintiff's PTO related wages until she complained to HR about the discrepancy.

42. Defendant also harassed Plaintiff for multiple doctor's notes although she had previously provided one, which indicated she had been scheduled for physical therapy three (3) times per week.

43. Defendant insisted they would not accommodate or compensate Plaintiff if she did not provide a doctor's note for each session of physical therapy.

44. Plaintiff provided a note from her physical therapist detailing that she would be required to attend physical therapy three (3) times per week.

45. Although her serious health condition was a qualifying FMLA condition, Plaintiff was not yet eligible for FMLA because she was days from meeting the one-year threshold for FMLA leave.

46. Nonetheless, Plaintiff intended to request FMLA leave once she became eligible on July 26, 2021.

47. Plaintiff became eligible for FMLA leave on Monday, July 26, 2021.

48. However, instead of granting Plaintiff FMLA leave for her serious health condition, Defendant terminated Plaintiff on August 9, 2021.

49. Defendant did not provide a reason for Plaintiff's termination.

50. Plaintiff was treated less favorably than similarly situated employees.

51. At the time of her termination, Plaintiff complained to Defendant that she believed she had been treated differently than other employees.

52. Defendant's alleged reasons for Plaintiff's terminations are pretextual.

## COUNT I
## RELIGIOUS DISCRIMINATION UNDER TITLE VII

53. Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 14-36; 49-52 above as if fully set forth herein and further states:

54. Defendant discriminated against Plaintiff based on her religion.

55. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

56. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

57. Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of Title VII.

58. Defendant committed the aforementioned discrimination with a reckless disregard for Plaintiff's rights under federal law.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental anguish, distress, humiliation, great expense, and a loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorneys' fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER TITLE VII

60. Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 14-36; 49-52 above as if fully set forth herein and further states:

61. Defendant retaliated against Plaintiff because of her complaints regarding religious discrimination.

62. Plaintiff engaged in a protected activity by complaining of disparate treatment and/or religious discrimination.

63. Plaintiff suffered an adverse action.

64. As set forth above, Defendant engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff.

65. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

66. Defendant committed the aforementioned discrimination and retaliation with a reckless disregard for Plaintiff's rights under federal law.

67. As a direct and proximate result of the discrimination and retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT III
## RELIGIOUS DISCRIMINATION UNDER THE FCRA

68. Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 12-36; 49-52 above as if fully set forth herein and further states:

69. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

70. Plaintiff is a member of a protected class because she is a practicing Seventh-day Adventist.

71. At all material times, Plaintiff was qualified to perform her job duties.

72. Defendant treated Plaintiff less favorable than similarly situated employees who were not practicing Seventh-day Adventists.

73. Defendant discriminated against Plaintiff because of her religion.

74. Defendant also subjected Plaintiff to adverse employment actions of having her hours reduced and involuntary termination.

75. Defendant's acts, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because Defemdamt treated Plaintiff less favorably because of her religion.

76. Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

77. Defendant's conduct, its agents, and employees proximately, directly, and foreseeably injured Plaintiff and calls for damages which include, but are not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. Defendant's conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights as to entitle her to an award of punitive damages against Defendant, to deter Defendant and others from such future conduct.

79. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

80. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as this Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

81. Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 12-36; 49-52 above as if fully set forth herein and further states:

82. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

83. Plaintiff is a member of a protected class because she is a practicing Seventh-day Adventist.

84. At all material times, Plaintiff was qualified to perform her job duties.

85. Defendant subjected Plaintiff to the adverse employment action of being terminated.

86. Defendant retaliated against the Plaintiff because of her religion.

87. Defendant's acts, by and through their agents and employees, violated Plaintiff's rights against retaliation under the FCRA because they treated Plaintiff less favorably because of her religion.

88. Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

89. Defendant's conduct, its agents, and employees proximately, directly, and foreseeably injured Plaintiff and calls for damages including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

90. Defendant's conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights as to entitle her to an award of punitive damages against Defendant, to deter Defendant and others from such future conduct.

91. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

92. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.     Back pay and benefits;

    b.     Interest on back pay and benefits;

    c.     Front pay and benefits;

    d.     Compensatory damages for emotional pain and suffering;

    e.     Injunctive relief;

    f.     Prejudgment interest;

    g.     Costs and attorney's fees; and

    h.     Such other relief as the Court may deem just and proper.

## COUNT V
## INTERFERENCE UNDER THE FMLA

93.  Plaintiff re-alleges and adopts the allegations of paragraphs 1-11; 37-52 above as if fully set forth herein and further states:

94. Plaintiff, at all times materially relevant, qualified for FMLA-covered leave.

95. Defendant was Plaintiff's employer as defined by the FMLA.

96. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

97. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

98. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

99. Defendant's violations of the FMLA were willful.

100. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT VI
## RETALIATION UNDER THE FMLA

101. Plaintiff re-alleges and adopts the allegations of paragraphs 1-11;

37-52 above as if fully set forth herein further states:

102. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

103. Defendant was Plaintiff's employer as defined by the FMLA.

104. Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

105. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA.

106. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

107. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

108. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

109. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

110. As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

111. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

112. Defendant's violations of the FMLA were willful.

113. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.   Back pay and benefits;

    b.   Interest on back pay and benefits;

    c.   Front pay and benefits;

    d.   Compensatory damages for emotional pain and suffering;

    e.   Injunctive relief;

    f.   Prejudgment interest;

    g.   Costs and attorney's fees; and

    h.   Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 23rd day of January, 2023.

...
Respectfully submitted,

***s/Julien W. Maynard***
Anthony Hall, Esq.
FL Bar No.: 40924
Julien W. Maynard, Esq. – LEAD COUNSEL
FL Bar No.: 1035332
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: jmaynard@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***