## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**NATASHA LEGROS,**

      **Plaintiff,**

      **vs.**                **CASE NO.: 0:23-cv-60116-FAM**

**AMERICAN HEALTH REFORM
SOLUTIONS, LLC, D/B/A
FLORIDA PLAN ADVISORS, a
Florida Limited Liability
Company,**
           **Defendant.**

_____/

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff NATASHA LEGROS (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this Amended Complaint against AMERICAN HEALTH REFORM SOLUTIONS, LLC, D/B/A FLORIDA PLAN ADVISORS (hereinafter "Defendant"), and states the following:

### NATURE OF CASE

This is a claim by Plaintiff against her former employer for damages and all available relief based on religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *as amended*, by the Civil Rights Act of 1991 (Title VII), the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"), disability discrimination pursuant to the provisions of the Americans with Disabilities Act, *as amended* ("ADAAA"), and interference and

retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"). As a result, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs, and any other relief to which Plaintiff is entitled including, but not limited to, equitable relief.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Amended Complaint pursuant to 28 U.S.C. § 1331.

2.    Plaintiff's claims arise under the laws of the United States. Thus, venue is proper pursuant to 28 U.S.C. § 1391.

3.    This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5.    Defendant employed Plaintiff as an Administrative Staff member from approximately July 2020 through August 2021.

6.    Plaintiff worked for Defendant at its Oakland Park, Florida, location.

7.      Defendant is a Florida Limited Liability Company, which owns, controls, and operates a business that provides healthcare and health solutions in the state of Florida, including the location where Plaintiff was employed.

8.      At all times materially relevant, Defendant engaged in an industry affecting commerce.

9.      At all times relevant, Defendant engaged in commerce within the meaning of 29 U.S.C. § 2601(1).

10.     Plaintiff was an "employee" as defined by the FMLA.

11.     Defendant is an "employer" as defined by the FMLA.

12.     Plaintiff was an "employee" as defined by the ADAAA.

13.     Defendant is an "employer" as defined by the ADAAA.

14.     Plaintiff was an "employee" as defined by the FCRA.

15.     Defendant is an "employer" as defined by the FCRA.

## STATUTORY PREREQUISITES

16.     Plaintiff is a practicing Seventh-day Adventist who experienced discrimination based on her religion.

17.     As such, Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

18.     Plaintiff also suffered from a physical injuries, a disabling medical condition under the ADAAA.

19.     Plaintiff was discriminated against based on her disability.

3

20.     Plaintiff is a member of a class of individuals protected by the ADAAA.

21.     The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

22.     Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

23.     Plaintiff was qualified for her position as an Administrative Staff member.

24.     Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

25.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

26.     Plaintiff timely filed her Charge of Discrimination with the EEOC on or around December 17, 2021.

27.     The EEOC issued a Dismissal and Notice of Rights on November 9, 2022.

28.     Accordingly, Plaintiff has exhausted all administrative requirements set forth by Title VII and the FCRA.

29.     Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

4

30.     Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTS

31.     Defendant initially hired Plaintiff as a Junior Insurance Sales Representative in or around July 2020.

32.     Plaintiff later transitioned to an Administrative Staff position within the Human Resources Department in December 2020.

33.     Plaintiff is a practicing Seventh-day Adventist.

34.     The Seventh-day Adventist Church is an Adventist Protestant Christian denomination which is distinguished by its observance of Saturday, the seventh day of the week, as the Sabbath.

35.     Before accepting the position, Plaintiff informed the hiring manager, Oscar Carranza, of her religious affiliation with the Seventh-day Adventist.

36.     During Plaintiff's interview, she explicitly explained and conditioned her acceptance of the role on Defendant's approval of Plaintiff's inability to work on Saturdays in observance of the Sabbath.

37.     Plaintiff also informed the Human Resources Manager, Carmel Sanchez, of her observance of the Sabbath and Saturday restriction.

38.     Defendant assured Plaintiff she would not be scheduled to work on Saturdays in observance of the Sabbath.

39.     In or around October 2020, Defendant began scheduling Plaintiff to work on Saturdays.

40.     After Plaintiff noticed a habitual trend, she complained to Defendant regarding her faith and reminded Defendant of her religious restrictions.

41.     Shortly thereafter, Defendant began retaliating against Plaintiff.

42.     Defendant treated Plaintiff differently from her colleagues based on her religious beliefs.

43.     Specifically, Plaintiff noticed that her scheduled hours began to decrease from week to week, causing her to have her pay reduced.

44.     Plaintiff also experienced unfavorable treatment from her Production Manager and Operations Manager.

45.     Despite Plaintiff's complaints, Defendant continued to schedule Plaintiff to work on her Sabbath.

46.     In July 2021, Plaintiff was involved in a motor vehicle accident that caused serious health issues.

47.     Specifically, Plaintiff suffered severe long-terms injuries to her right arm, back, and right hip.

48.     Plaintiff's injuries were pervasive, severe.

49.     Plaintiff's injuries regularly affected her ability to work and take care of herself on a normal basis.

50.     Defendant was aware of Plaintiff's physical disabilities.

51.     Plaintiff alerted Defendant of the accident and her resulting serious health conditions.

52.     Thereafter, communications and interactions between Plaintiff and Defendant became increasingly hostile, toxic, and discourteous.

53.     For instance, Defendant took issue with and harassed Plaintiff regarding the use of her PTO for medically-related reasons.

54.     Additionally, Defendant attempted to withhold Plaintiff's PTO related wages until she complained to HR about the discrepancy.

55.     After the accident, Plaintiff requested that the Company accommodate her by amending her work schedule to allow for physical therapy appointments.

56.     Plaintiff provided the Company with the appropriate medical documentation which detailed her need for physical therapy.

57.     However, Defendant harassed Plaintiff for multiple doctor's notes although she had previously provided one, which indicated she had been scheduled for physical therapy three (3) times per week.

58.     Defendant insisted they would not accommodate or compensate Plaintiff if she did not provide a doctor's note for each session of physical therapy.

59.    Plaintiff provided a note from her physical therapist detailing that she would be required to attend physical therapy three (3) times per week.

60.    Although her serious health condition was a qualifying FMLA condition, Plaintiff was not yet eligible for FMLA because she was days from meeting the one-year threshold for FMLA leave.

61.    Nonetheless, Plaintiff alerted the Company that she intended to request FMLA leave once she became eligible on July 28, 2021.

62.    Plaintiff became eligible for FMLA leave on July 28, 2021.

63.    However, instead of granting Plaintiff FMLA leave for her serious health condition, Defendant terminated Plaintiff on August 9, 2021.

64.    Defendant did not provide a reason for Plaintiff's termination.

65.    Plaintiff was treated less favorably than similarly situated employees.

66.    At the time of her termination, Plaintiff complained to Defendant that she believed she had been treated differently than other employees.

67.    Defendant's alleged reasons for Plaintiff's terminations are pretextual.

## COUNT I
## RELIGIOUS DISCRIMINATION UNDER TITLE VII

68.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 16-17; 23-28; 30-45; 64-67 above as if fully set forth herein and further states:

69.     Defendant discriminated against Plaintiff based on her religion.

70.     Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

71.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

72.     Based on the conduct described in this Amended Complaint, Defendant is liable for discrimination in violation of Title VII.

73.     Defendant committed the aforementioned discrimination with a reckless disregard for Plaintiff's rights under federal law.

74.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental anguish, distress, humiliation, great expense, and a loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Injunctive relief;

f.     Prejudgment interest;

g.   Costs and attorneys' fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER TITLE VII

75.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 16-17; 23-28; 30-45; 64-67 above as if fully set forth herein and further states:

76.   Defendant retaliated against Plaintiff because of her complaints regarding religious discrimination.

77.   Plaintiff engaged in a protected activity by complaining of disparate treatment and/or religious discrimination.

78.   Plaintiff suffered an adverse action.

79.   As set forth above, Defendant engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff.

80.   Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

81.   Defendant committed the aforementioned discrimination and retaliation with a reckless disregard for Plaintiff's rights under federal law.

82.   As a direct and proximate result of the discrimination and retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

## COUNT III
## RELIGIOUS DISCRIMINATION UNDER THE FCRA

83.  Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 14-17; 23-28; 30-45; 64-67 above as if fully set forth herein and further states:

84.  Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

85.  Plaintiff is a member of a protected class because she is a practicing Seventh-day Adventist.

86.  At all material times, Plaintiff was qualified to perform her job duties.

87.     Defendant treated Plaintiff less favorable than similarly situated employees who were not practicing Seventh-day Adventists.

88.     Defendant discriminated against Plaintiff because of her religion.

89.     Defendant also subjected Plaintiff to adverse employment actions of having her hours reduced and involuntary termination.

90.     Defendant's acts, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because Defendant treated Plaintiff less favorably because of her religion.

91.     Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

92.     Defendant's conduct, its agents, and employees proximately, directly, and foreseeably injured Plaintiff and calls for damages which include, but are not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93.     Defendant's conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights as to entitle her to an award of punitive damages against Defendant, to deter Defendant and others from such future conduct.

94.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

95.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Injunctive relief;

f.     Prejudgment interest;

g.     Costs and attorney's fees; and

h.     Such other relief as this Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

96.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-9; 14-17; 23-28; 30-45; 64-67 above as if fully set forth herein and further states:

97.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

98.     Plaintiff is a member of a protected class because she is a practicing Seventh-day Adventist.

99.    At all material times, Plaintiff was qualified to perform her job duties.

100.    Defendant subjected Plaintiff to the adverse employment action of being terminated.

101.    Defendant retaliated against the Plaintiff because of her religion.

102.    Defendant's acts, by and through their agents and employees, violated Plaintiff's rights against retaliation under the FCRA because they treated Plaintiff less favorably because of her religion.

103.    Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

104.    Defendant's conduct, its agents, and employees proximately, directly, and foreseeably injured Plaintiff and calls for damages including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105.    Defendant's conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights as to entitle her to an award of punitive damages against Defendant, to deter Defendant and others from such future conduct.

106.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

107.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT V
## DISCRIMINATION UNDER THE ADAAA

108.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-8; 12-13; 17-32; 46-67 above as if fully set forth herein and further states:

109.   Plaintiff suffers from disabling medical conditions pursuant to the ADAAA.

110.   Plaintiff was discriminated against by the Defendant due to her disability in violation of Federal law.

111.   Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

112.   Plaintiff is protected by the ADAAA:

    a.    Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

    b.    Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

113.   Defendant were at all material times an "employer" as envisioned and defined by the ADAAA.

114.   Plaintiff's medical conditions are protected disabilities under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

115.   Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

116.   By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

117.   Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

118. Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

119. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

120. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a member of a protected class as envisioned by the ADAAA.

121. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

122. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

123. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

124. The conduct of Defendant, their agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

125. Defendant's conduct was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

126.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

     a.     Back pay and benefits;

     b.     Interest on back pay and benefits;

     c.     Front pay and benefits;

     d.     Compensatory damages for emotional pain and suffering;

     e.     Injunctive relief;

     f.     Prejudgment interest;

     g.     Costs and attorney's fees; and

     h.     Such other relief as the Court may deem just and proper.

## COUNT VI
## RETALIATION UNDER THE ADAAA

127.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-8; 12-13; 17-32; 46-67 above as if fully set forth herein and further states:

128.   Plaintiff suffers from disabling medical conditions pursuant to the ADAAA.

129.   Plaintiff was retaliated against by the Defendant due to her disabilities in violation of Federal law.

130.   Plaintiff was retaliated against by the Defendant due to her disabilities in violation of Federal law.

131.    Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

132.   Defendant denied Plaintiff reasonable accommodation as required by Federal law.

133.   Defendant terminated Plaintiff because requested reasonable accommodation off due to her disability.

134.   Defendant terminated Plaintiff in violation of the ADAAA.

135.   Plaintiff is protected by the ADAAA:

   a.   Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

   b.   Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

136.   Defendant  were  at  all material times an "employer" as envisioned and defined by the ADAAA.

137.   Plaintiff's medical conditions are protected disabilities under the

ADAAA, as amended. *See* 42 U.S.C. § 12102.

138.   Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

139.   By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

140.   Alternatively, Defendants perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

141.   Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

142.   Pleading in the alternative, Plaintiff's medical conditions constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

143.   Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

144.   Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, she is a member of protected classes as envisioned by the ADAAA.

145.   Defendant's acts, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

146.   The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

147.   Defendant's, its agents', and employees' conduct proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non

148.   Defendant's conduct was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

149.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT VII
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

150.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-8; 14-15; 17-32; 46-67 above as if fully set forth herein and further states:

151.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

152.   Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

153.   At all material times, Plaintiff was qualified to perform her job duties.

154.   Plaintiff was treated less favorable than similarly situated non-disabled employees.

155.   Defendant discriminated against Plaintiff because of her disabilities.

156.   Plaintiff was also subjected to the adverse employment action of having her hours reduced and being terminated.

157.   The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against discrimination under the FCRA because they treated Plaintiff less favorably because of her disabilities.

158.  Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

159.  Defendant, its agents', and employees conduct proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

160.  Defendant's conduct was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

161.  Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

162.  Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

**COUNT VIII**
**RETALIATION IN VIOLATION OF THE FCRA**

163.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-8;

14-15; 17-32; 46-67 above as if fully set forth herein and further states:

164.   Plaintiff brings this cause of action pursuant to Section 760.07,

F.S.

165.   Plaintiff is a member of a protected class because she suffers from

disabling medical conditions.

166.   At all material times, Plaintiff was qualified to perform her job

duties.

167.   Plaintiff was subjected to the adverse employment action of having

her hours reduced and being terminated.

168.   Defendant retaliated against the Plaintiff for requesting

reasonable accommodations due to her disabilities.

169.   The acts of Defendant, by and through their agents and employees,

violated Plaintiff's rights against retaliation under the FCRA because they

treated Plaintiff less favorably because of her disabilities.

170.   Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

171.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

172.   Defendant's conduct was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

173.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

174.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

    c.      Front pay and benefits;

    d.      Compensatory damages for emotional pain and suffering;

    e.      Injunctive relief;

    f.      Prejudgment interest;

    g.      Costs and attorney's fees; and

    h.      Such other relief as the Court may deem just and proper.

**COUNT IX**
**INTERFERENCE UNDER THE FMLA**

175.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-11; 31-32; 46-67 above as if fully set forth herein and further states:

176.   Plaintiff, at all times materially relevant, qualified for FMLA-covered leave.

177.   Defendant was Plaintiff's employer as defined by the FMLA.

178.   Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

179.   As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

180.   Plaintiff has no plain, adequate, or complete remedy at law for the

actions of Defendant, which have caused and continue to cause irreparable harm.

181. Defendant's violations of the FMLA were willful.

182. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT X
## RETALIATION UNDER THE FMLA

183. Plaintiff re-alleges and adopts the allegations of paragraphs 1-11; 31-32; 46-67 above as if fully set forth herein and further states:

184. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

185.   Defendant was Plaintiff's employer as defined by the FMLA.

186.   Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

187.   Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA.

188.   Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

189.   Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

190.   Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

191.   Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

192.   As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

193.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable

harm.

194.   Defendant's violations of the FMLA were willful.

195.   Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 22nd day of February, 2023.

Respectfully submitted,

**_s/Julien W. Maynard_**
Anthony Hall, Esq.
FL Bar No.: 40924
Julien W. Maynard, Esq. – LEAD
COUNSEL
FL Bar No.: 1035332
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: jmaynard@theleachfirm.com
Email: yhernandez@theleachfirm.com

**_Attorneys for Plaintiff_**